### JAMES OLDS *v.* A. G. HARLOWE ET AL.

**Trial—Instruction—Ambiguity.**

> An instruction should be refused if it is difficult to understand the meaning of the language used.

**Gifts—Actual Delivery.**

> To constitute a valid gift, there must be an actual delivery of the thing so far as it is capable of delivery.

APPEAL FROM OWEN CIRCUIT COURT.

November 14, 1873.

OPINION BY JUDGE PETERS:

The court, on motion of appellees, instructed the jury "that if they believed the horse belonged to the plaintiff at the time of the transfer of the possession to James Olds, the latter acquired

thereby no title to the property, and they must find for plaintiffs."

Appellant then asked the court, by instruction No. 1, to tell the jury if they found from the evidence that the horse mentioned in the proof was the property of Ben Olds, and by him for a valuable consideration passed to the defendant, the law is for him and the jury should so find.

There was evidence conducing to show that Ben Olds, for a valuable consideration, had traded the horse to appellant, who must be regarded as a purchaser for a valuable consideration from Ben Olds; and if the horse was the property of the latter when he traded him to appellant, his title was good, so that the proposition of law submitted in the instruction asked by him was the converse of the one given by the court on motion of appellee; but the court, as the bill of exceptions shows, refused to give the one asked by appellant, which was an error prejudicial to appellant. It appears from the bill of exceptions that instruction No. 2 was asked for by appellant, and was refused, and we think correctly. It is difficult to understand what meaning is intended to be conveyed by the language used.

The authorities on the subject are to the effect that to constitute a valid gift of a chattel, there must be a delivery at the time to the donee, and the property in the thing should immediately pass from and be irrevocable by the donor, and his control over it cease. The delivery, it is true, must be in accordance with the nature of the thing that is the subject of the gift, but there must be an actual delivery so far as the thing is capable of delivery.

But for the error indicated the judgment is reversed, and the cause is remanded with directions to award a new trial and for further proceedings consistent herewith.

*McMannama & Blackwell,* for appellant.

*Grover Montgomery & Revill,* for appellees.